| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>IVAN IGNACIO NORIS ESPINOZA,<br><br>                    Defendant. | Case No. 22-cr-01763-BAS-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 49)** |

    The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

    Based on this amendment, Defendant Ivan Ignacio Noris Espinoza files a Motion for Reduction of Sentence. (ECF No. 48.) The Court referred this Motion to Federal

Defenders for an evaluation. (ECF No. 50.) Federal Defenders has now filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 52.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 70–87 months (based on a base offense level of 27 and a criminal history category of I). Defendant had no criminal history points, so he qualifies under the new guidelines as a zero-point offender. (*See* Presentence Report, ¶¶ 40–41, ECF No. 39.) Under the new guidelines, an additional two-points are deducted from his base offense level, and his new guideline range is now 57–71 months.

However, at the original sentencing, the Court departed downward for fast track and because Defendant was facing collateral immigration consequences. Ultimately, the Court imposed a 36-month sentence. (ECF No. 48.) This 36-month sentence would still be below Defendant's guideline range even after the guideline amendment is applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 57 months. Since the Court sentenced Defendant to a lower sentence of 36 months, Defendant is not entitled to a lower sentence.

Therefore, Defendant's Motion for Reduction of Sentence (ECF No. 49) is **DENIED**.

IT IS SO ORDERED.

DATED: June 7, 2024

Hon. Cynthia Bashant
United States District Judge